1  BRENDA ENTZMINGER
   Nevada Bar No. 9800
2  BREANE P. STRYKER
   Nevada Bar No. 13594
3  **PHILLIPS, SPALLAS & ANGSTADT LLC**
4  504 South Ninth Street
   Las Vegas, Nevada 89101
5  (702) 938-1510

6  *Attorneys for Defendant*
7  *Wal-Mart Stores, Inc.*

8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10 PATRICIA ANN DAU,                    | Case No.: 2:14-cv-01598-JCM-CWH

11                    Plaintiff,

12 v.                                   | **DEFENDANT'S [PROPOSED]**
                                        | **DISCOVERY PLAN AND**
13 WAL-MART STORES, INC.; ROE           | **SCHEDULING ORDER**
   MAINTENANCE COMPANY; DOES 1-20       | **SUBMITTED IN COMPLIANCE WITH**
14 and ROE BUSINESS ENTITIES 1-20,      | **LR 26-1(e)**
   inclusive,
15                                      | **SPECIAL SCHEDULING REVIEW**
                    Defendants.         | **REQUESTED**
16

17        Pursuant to Local Rule 26-1(e), the parties submit their proposed Discovery Plan and

18 Scheduling Order.

19        1.    **Meeting**:  Pursuant to FRCP Rule 26(f), a meeting was held on October 28, 2014, and

20 was attended telephonically by Breane Stryker of PHILLIPS SPALLAS & ANGSTADT LLC, on

21 behalf of Defendant Wal-Mart Stores, Inc., and Seth Little of RICHARD HARRIS LAW FIRM, on

22 behalf of Plaintiff Patricia Ann Dau.

23        2.    **Pre-Discovery Disclosures**:  Pursuant to FRCP Rule 26(a)(1), the parties will make their

24 pre-discovery disclosures, including but not limited to, any Computation(s) of Damages required

25 pursuant to FRCP 26(a)(i)(A)(iii), by November 11, 2014.

26

27

28

                                    - 1 -

3.   **Areas of Discovery**:  The parties agree that the areas of discovery should include, but not be limited to: all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

4.   **Discovery Plan**:  The parties propose the following discovery plan:

A.  **Discovery Cut-off Date(s)**:   LR 26-1(e)(1) provides that "unless otherwise ordered, discovery periods longer than one hundred eighty (180) days from the date the first defendant answers or appears will require special scheduling review."

The parties agree that a longer discovery period is appropriate in this case, and therefore, request special scheduling review by the Court, per Local Rule 26-1(d).  Both parties acknowledge the difficulties associated with coordinating witness depositions and expert discovery, including a site inspection, during the holiday period of November and December.

Therefore, the parties propose, subject to this Court's consent, that 210 days be allowed for discovery in this matter.  If granted, discovery will be commenced and completed no later than March 20, 2015.  This date is 210 days after the date of Defendant's filing of its first appearance. The parties represent to this Court that this request for additional time is made in good faith and not for the purpose of delay, and that, if such additional time is granted, all reasonable efforts will be made by the parties to complete discovery in that time.

B.  **Amending the Pleadings and Adding Parties**:  The parties shall have until December 20, 2014, to file any motions to amend the pleadings to add parties.  This is 90 days before the discovery cut-off date.

C.  **FRCP 26(a)(2) Disclosure of Experts**:  Disclosure of experts shall proceed according to FRCP Rule 26(a)(2) and LR 26-1(e)(3) as follows:  The disclosure of experts and their reports shall occur on or before January 19, 2015.  The disclosure of rebuttal experts and their reports shall occur on or before February 18, 2015.  These deadlines are 60 and 30 days before the discovery cut-off date, respectively.

D. **Interim Status Report**:  The parties shall file their interim status report by January 19, 2015, 60 days before the discovery cut-off date, as required by LR 26-3.

E. **Dispositive Motions**:  The parties shall have until April 19, 2015, to file dispositive motions.  This is 30 days after the discovery cut-off date, as required by LR 26-1(e)(4).

F. **Pre-Trial Order**:  The parties will prepare a Consolidated Pre-Trial Order on or before May 19, 2015, which is not more than 30 days after the date set for filing dispositive motions in the case, as required by LR 26-1(e)(5).  This deadline will be suspended if dispositive motions are timely filed until 30 days after the decision of the dispositive motions or until further order of the Court.  The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be made in the pre-trial order.

G. **Court Conferences**: If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order.  If the Court does not have questions, the parties do not request a conference with the Court.

H. **Extensions or Modifications of the Discovery Plan and Scheduling Order**: Local Rule 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order.  Any stipulation or motion to extend a specific discovery deadline must be made not later than 21 days before the subject deadline.  Any stipulation or motion to extend the discovery period itself must be made not later than February 27, 2015, 21 days before the discovery cut-off date.

I. **Authorizations**:  It is agreed that Plaintiff PATRICIA ANN DAU, will complete, sign, and serve on Defendant **within fourteen (14) days of receipt thereof**, the following forms provided to Plaintiff's counsel by Defense counsel:  (1) HIPAA Compliant Authorization for the Release of Patient Information Pursuant to 45 CFR 164.508; (2) Social Security Administration Release (if applicable to Plaintiff's claims); (3) IRS Release (if applicable to Plaintiff's claims); and (4) Employment Release (if applicable to Plaintiff's claims).

J.   **Format of Discovery**:  Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference.   The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

5.    **Area In Dispute -- Authorizations:**   The parties have been unable to come to an agreement concerning the language regarding an independent medical examination of Plaintiff by one of Defendant's doctors, to be determined.   Pursuant to Local Rule 26-1(d), when there is a disagreement, "as to the form or contents of the discovery plan, a statement of each party's position on each point in dispute is required."   Below is each party's position regarding the inclusion of a provision regarding an Independent Medical Examination in the Discovery Plan and Scheduling Order.

A. **Defendant's Position:** Defendant's position is that Plaintiff shall agree to undergo an Independent Medical Examination and that this shall be included in the Discovery Plan and Scheduling Order.

1.   Plaintiff claims she has "'sustained major injuries to her back, neck, and hip' necessitating ongoing physical therapy treatment, radiological studies, and consultation with a spine surgeon."   FRCP Rule 35 allows a Court to order that a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

2.   The language that was originally included in the Order and agreed to by the parties did not provide Defendant with sufficient authority to ensure Plaintiff's compliance.

3.   The Parties attempted to meet and confer in regards to this issue, but were unable to come to an agreement regarding the language.

4.   Defendant, therefore, proposes the following be included in the Discovery Plan and Scheduling Order:

    1.   "The parties agree that Plaintiff will undergo an independent medical examination, performed by Defendant's doctor, to be determined."

B.   **<u>Plaintiff's Position:</u>**   Plaintiff's counsel opposes the inclusion of the above language as he does not agree that an Independent Medical Examination is a necessary component of a Discovery Plan and Scheduling Order.   Despite the severity of Plaintiff's alleged injuries, Plaintiff's counsel has agreed to only the following language: "Defendant reserves the right to have Plaintiff undergo an independent medical examination, performed by Defendant's doctor(s), should Plaintiff be recommended for surgery."

//
//
//
//
/
//
//
//
//

Respectfully submitted,

DATED this <u>14th</u> day of November, 2014.

**PHILLIPS, SPALLAS & ANGSTADT**

*/s/ Breane P. Stryker*
_____

BREANE P. STRYKER
Nevada Bar No. 13594
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED: _____**